THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ACOBES, Defendant and Appellant.

No. 5800. Argued November 22, 1935.—Decided January 17, 1936.

*Pedro M. Porrata* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Juan Acobes was convicted of a violation of sections 3, 34, and 51 of the Beverage Act (Session Laws 1934, pp. 136, 140, 158, and 166) upon a complaint filed by an insular policeman wherein Acobes and others were charged with having committed the offense in the following manner:

". . . That at 2:15 a. m. on November 14, 1934, at Mayor Cantera Street, within the municipal judicial district of Ponce, P. R., which forms part of the judicial district of Ponce, P. R., said defendants, Manuel Ramos Rodríguez, Juan Rodríguez Collazo, Manuel Rivera Torres, Epifanio Alicea Ruiz, and Juan Acobes González, then and there, wilfully, maliciously and unlawfully, inside car plate No. 6078, belonging to Juan Acobes González, were in possession of four cans containing about four gallons of cane rum without there being affixed thereon the proper identification stamps, which is *prima facie* evidence that no tax on said beverage has been paid. Of the four cans seized only two were full, another had three gallons, and the other was empty, which was due to the fact that while wrestling with the police the defendants threw the cans out into the road, the contents of one and part of the contents of another being spilled, and all of them becoming quite dented."

The present appeal is based on the following grounds:

"The complaint fails to state facts sufficient, because the rules and regulations of the Treasurer of Puerto Rico, as required by section 34 of the Beverage Act, were not adopted until the 10th of April 1935, and the offense with which the defendant is charged is alleged to have been committed on December 11, 1934.

"The complaint fails to state facts sufficient, because it fails either to allege in due form that the appellant has not paid the taxes as required by section 3 of the Act, or to charge the defendant with the production, importation or bringing into Puerto Rico of liquors without the payment of the tax imposed by said section 3."

Section 3 of the Law provides that certain taxes shall be levied, collected, and paid on a number of specified beverages produced in, or imported, or brought into Puerto Rico. Section 20 provides that the tax on alcoholic beverages man-ufactured or produced in Puerto Rico shall be paid before the same leaves the factory. Sections 34 and 51 read as follows:

"Section 34.—For the purpose of identifying taxable alcoholic beverages which, in the judgment of the Treasurer, it may be neces-sary to identify so as to prevent fraud, the Treasurer is hereby authorized, through the promulgation of rules and regulations, to cause to be affixed to the container of said products identification stamps or other adequate marks which shall be furnished gratis to the taxpayers by the Treasurer; *Provided, further,* That the Treas-urer may cause such stamps to be affixed to containers of taxable products acquired while former excise laws were in force, and which products are on the market when this Act shall take effect.

"The lack of such identification stamps or marks on the products, as are required by regulations, shall constitute *prima facie* evidence that the taxes prescribed by this Act have not been paid; and all persons responsible therefor shall be guilty of a misdemeanor.

"Section 51.—The absence of the proper identification stamp on any container on which this Act or its regulations require the affixing of such stamps as evidence of the payment of the tax, shall constitute *prima facie* evidence of the non-payment of the tax, and all containers lacking the said identification stamps shall be seized by the Treas-urer or by internal-revenue agents, and by him sold for the benefit of The People of Puerto Rico."

By the terms of a proviso attached to section 73 the regulations in force before the advent of prohibition in Puerto Rico are revived pending the promulgation of new regulations. The brief for appellant fails to show that the regulations so made applicable contain no provision for identification stamps. In any event, the absence of stamps would be a mere matter of evidence, not an essential element of the offense charged, and the reference thereto may be regarded as surplusage, except in so far as it indicates an intention to charge nonpayment of the tax. The act took

effect March 13, 1934, and the operation thereof was not suspended pending the promulgation of rules and regulations of the Treasurer. Hence, the complaint did not fail to state facts sufficient to constitute a cause of action merely because the offense was alleged to have been committed November 14, 1934.

There would be more merit in the second assignment if the offense had been charged by information. Under the more liberal rule applicable to complaints, the intention to charge nonpayment of a tax is, we think, sufficiently clear. It was not necessary to charge that defendants had manufactured or imported the rum. See section 38 of the Law, and *People* v. *Díaz*, 48 P.R.R. 443.

We would not be understood as deciding any question not specifically raised by appellant.

The judgment appealed from must be affirmed.